People v Geer (2019 NY Slip Op 01987)





People v Geer


2019 NY Slip Op 01987


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1359 KA 16-02286

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL F. GEER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered November 4, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree and unauthorized use of a vehicle in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) and unauthorized use of a vehicle in the third degree (§ 165.05 [1]), defendant contends that his attorney was ineffective because he failed to properly investigate defendant's case. According to defendant, defense counsel would have learned from a proper investigation that his mother and stepfather, who were the victims of his crimes, did not want defendant to be convicted of a felony, notwithstanding that they provided supporting depositions to the police that contain facts sufficient to support the charges. Defendant's contention "survives his plea and valid waiver of the right to appeal only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance' " (People v Rausch, 126 AD3d 1535, 1535 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). To the extent defendant contends that his plea was infected by the allegedly ineffective assistance of counsel, that contention " involve[s] matters outside the record on appeal and therefore must be raised by way of a motion pursuant to CPL article 440' " (id.; see People v Broomfield, 134 AD3d 1443, 1445 [4th Dept 2015], lv denied 27 NY3d
1129 [2016]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court